UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

GRANITE STATE INSURANCE
COMPANY,

                Plaintiff,

BERKSHIRE HATHAWAY SPECIALTY
INSURANCE COMPANY,

           Intervenor Plaintiff,

      - against -

KM TACTICAL, LLC,

           Defendant.

-------------------------------------------------------------------------X

23 Civ. 7769 (ALC) (GS)

ORDER

**GARY STEIN, United States Magistrate Judge:**

By Order dated August 5, 2025, the Honorable Andrew L. Carter granted Plaintiff Granite State Insurance Company ("Granite State") and Intervenor Plaintiff Berkshire Hathaway Specialty Insurance Company (together, the "Insurers") leave to move for partial summary judgment with respect to their duty to defend under the commercial general liability policies at issue in this case. (Dkt. No. 93). The Order also directed Defendant KM Tactical, LLC ("KM Tactical") to file a letter setting forth its position as to whether discovery is necessary to respond to the Insurers' summary judgment motion. (*Id.*; *see also* Dkt. No. 99).

On November 14, 2025, the Insurers filed their motion for partial summary judgment. (Dkt. Nos. 100-04). On December 5, 2025, KM Tactical filed a letter motion seeking either (1) to permit KM Tactical to take discovery prior to

responding to the Insurers' summary judgment motion; or (2) to deem the factual allegations in its Amended Counterclaim to be accepted as true for purposes of resolving the summary judgment motion. (Dkt. No. 105 ("KM Ltr.")). The Insurers filed a letter opposing KM Tactical's motion on December 5, 2025. (Dkt. No. 106 ("Ins. Ltr.")). The Court has considered the parties submissions and concludes that, for the following reasons, KM Tactical's motion should be **DENIED**.

KM Tactical's primary argument is that the Insurers' summary judgment motion depends on policy language that (according to KM Tactical) is "ambiguous" and that extrinsic evidence, to be gathered during discovery, is needed to resolve this ambiguity. (KM Ltr. at 1-2). But the Insurers' summary judgment motion is premised on the converse assertion: that the relevant policy language—in particular, the terms "occurrence," "accident," and "damages because of bodily injury"—is *un*ambiguous. (Ins. Ltr. at 1, 3-5). Judge Carter will have that question before him on the summary judgment motion. If he agrees with the Insurers that the language is unambiguous, then extrinsic evidence would be inadmissible to vary the meaning of the policies. Discovery would be warranted only if Judge Carter agrees with KM Tactical that the policy terms are ambiguous. This Court cannot decide that dispute now or—more to the point—order discovery based on the assumption that KM Tactical is right and the Insurers are wrong.

KM Tactical's second argument for why discovery is warranted fares no better. KM Tactical contends that the issue of whether the Insurers had a duty to defend depends on facts known or reasonably ascertainable to the Insurers outside

the pleadings. (KM Ltr. at 3-4). Here again, it is the Insurers' position that their motion can be decided without consideration of whether the facts asserted by KM Tactical were reasonably ascertainable to the Insurers. Those facts, as set forth in KM Tactical's letter, relate to the legality of KM Tactical's actions. (*See* KM Ltr. at 4). But the Insurers say their summary judgment motion is premised on the argument that, under the language of the policies, they had no duty to defend, regardless of the legality of KM Tactical's conduct. (Ins. Ltr. at 7). If the Insurers are correct, then establishing that the facts in question were "reasonably ascertainable" to the Insurers would not have a bearing on the outcome of the motion. If the Insurers are not correct, and summary judgment cannot be granted in their favor without a determination of what facts were reasonably ascertainable to them, then, at that point, discovery on that issue would be warranted.

In short, KM Tactical has shown only that discovery will be necessary if the Insurers' summary judgment motion is denied. KM Tactical has not shown that it needs discovery in order to *respond* to the Insurers' motion. To prevail on their motion, the Insurers necessarily will have to establish that they are entitled to partial summary judgment as a matter of law without further development of the factual record. The Insurers may or may not be able to establish that, and KM Tactical is certainly free to argue in its opposition papers that summary judgment is unwarranted until discovery is had. But KM Tactical does need to have the *results* of discovery in order to make those arguments.[1]

---

[1] In support of their summary judgment motion, the Insurers submitted a Rule 56.1 Statement and two supporting Declarations, both from outside counsel, mostly for the purpose of placing exhibits

In giving the Insurers leave to move for partial summary judgment at this stage of the litigation, Judge Carter followed the path paved by three other judges in this District presiding over similar declaratory judgment actions brought by Granite State against other insureds who, like KM Tactical, have been sued by the New York Attorney General and/or the cities of Buffalo and Rochester for allegedly shipping firearm parts into this State that were used to assemble so-called "ghost guns."  In each of those cases, the district court issued a ruling on Granite State's motion for partial summary judgment as a matter of law and prior to any discovery; one of those decisions was affirmed yesterday by the Second Circuit.[2]  To be sure, those cases were all decided under the law of states other than Missouri, which supplies the governing law in this case.  The Court intimates no view whatsoever as to whether the Insureds are entitled to partial summary judgment in this case; that is for Judge Carter to decide.  But KM Tactical has offered no persuasive reason why discovery is needed prior to an adjudication of the summary judgment motion in this case when it was not deemed necessary in these other cases.

In the alternative, KM Tactical argues that certain of its factual allegations should be deemed admitted for purposes of the summary judgment motion.  (KM Ltr. at 4-5).  It would be inappropriate for this Court to decide what facts should or should not be deemed to be true for purposes of Judge Carter's ruling on the motion

---

before the Court.  (Dkt. Nos. 102-04).  Notably, KM Tactical does not argue that it needs discovery in order to contest any of the factual assertions in the Insurers' Rule 56.1 Statement or Declarations.

[2] *See Granite State Ins. Co. v. Primary Arms, LLC*, No. 23 Civ. 7651 (LGS), 2024 WL 4008167 (S.D.N.Y. Aug. 30, 2024), *aff'd*, No. 24-2748-cv, 2025 WL 3533484 (2d Cir. Dec. 10, 2025); *Granite State Ins. Co. v. GS Performance, LLC*, No. 23 Civ. 7646 (LJL), 2025 WL 19826 (S.D.N.Y. Jan. 2, 2025); *Granite State Ins. Co. v. Rainier Arms LLC*, 773 F. Supp. 3d 24 (S.D.N.Y. 2025).

for summary judgment.  KM Tactical should address those arguments, as applicable, to Judge Carter in its opposition papers.

Finally, the Insurers ask that the Court not only deny KM Tactical's motion, but also set a schedule for the filing of opposition and reply papers on their motion for partial summary judgment.  (Ins. Ltr. at 1, 8).  The Court declines to do so. Instead, the Court directs that the parties meet and confer and, by no later than Monday, December 15, 2025, propose a schedule for Judge Carter's approval for the submission of opposition and reply papers.

Accordingly, for the reasons set forth above, KM Tactical's motion for discovery in connection with the Insurers' motion for summary judgment is **DENIED**.  The Clerk of Court is respectfully directed to close Docket No. 105.

**SO ORDERED.**

DATED:     New York, New York
           December 11, 2025

_____

The Honorable Gary Stein
United States Magistrate Judge